330 P.2d 113

**ARIZONA TITLE GUARANTEE & TRUST, COMPANY, Appellant,**

v.

**MODERN HOMES, Inc., Appellee.**

No. 6523.

Supreme Court of Arizona.

Sept. 30, 1958.

Kramer, Roche & Perry, Phoenix, A. K. Perry and A. R. Perry, Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, and Charles A. Stanecker, Phoenix, for appellee.

WINDES, Justice.

Plaintiff, Modern Homes, Inc., filed complaint for declaratory judgment consisting of two counts against Arizona Title Guarantee & Trust Company. Defendant by answer admitted the material allegations of fact. Both parties moved for summary judgment. The trial court granted plaintiff's motion and rendered judgment accordingly. Defendant appeals. The parties agree there are only two questions presented for decision. There are many facts set forth in the complaint which have no essential bearing upon a solution of the problems presented. In the interest of brevity and clarity we state only the facts we deem necessary.

The plaintiff sold real properties to various purchasers under monthly instalment contracts, each containing a provision that time was of the essence thereof and under which the defendant was escrow agent. Some of the purchasers failed to make their payments on the due dates set forth in the contracts but such payments were made and accepted prior to the due dates of the next succeeding monthly payments and thereafter all payments ceased. As to each of these buyers, the time allowed for the prevention of forfeiture provided by A.R.S., § 33–741, had expired if such time is calculated either from the due dates set forth in the contracts or from the time the last payment was made. Upon demand of plaintiff, defendant as escrow agent gave each of these purchasers notice of election to forfeit and upon the expiration of the time for compliance with the forfeiture notice plaintiff demanded that defendant deliver to it the deeds held in escrow to enable a clearance of titles. Defendant refused to release the papers unless and until plaintiff (1) should give the purchasers notice reinstating "time is of essence" clauses of the contracts requiring future strict compliance therewith and give a reasonable time to make delinquent payments; (2) the time allowed by section 33–741, supra, should be calculated from a time after expiration of the reasonable time for remedying delinquencies set forth in the notices reinstating the "time is of essence" clauses; and (3) thereafter the buyers should be given another legal notice of forfeiture.

The foregoing facts present the first question for solution which is: When an instalment contract of sale of real property provides that time is the essence thereof and the seller accepts numerous payments after the due date set forth in the contract, when there is never more than one payment in arrears at one time and when each delin-

quent payment is made and accepted prior to the time allowed by section 33–741, supra, must the vendor reinstate the "time is of the essence" clause by notice of necessity of strict compliance with reasonable time to remedy delinquencies before he can declare a forfeiture?

Whether such a notice of reinstatement must be given depends upon whether by accepting payments after due date but before the right to enforce a forfeiture under the provisions of section 33–741, supra, has accrued, the seller has waived the "time is of the essence" provision so far as applicable to the enforcement of his right of forfeiture. The trial court ruled there was no such waiver.

 One of the essential elements of waiver is intention to waive the right involved and where not expressed, one's conduct must be such as to warrant the inference of such intention. Southwest Cotton Co. v. Valley Bank, 26 Ariz. 559, 227 P. 986. Likewise, before a waiver of a right may be inferred, such right must be in existence at the time the claimed waiver occurred. 56 Am.Jur., Waiver, section 13, page 113; 92 C.J.S. Waiver, p. 1055. There also must be an opportunity of choice between the relinquishment and the enforcement of the right in question. Roberts v. Griffith, Tex.Civ.App., 207 S.W.2d 443.

 In all instances heretofore related less than 20 percent of the purchase price had been paid and under the provisions of section 33–741, supra, a forfeiture could not be enforced until the expiration of 30 days subsequent to default. All the delayed payments were made and accepted prior to the expiration of this 30-day period. As bearing on the right of forfeiture, when the payments were accepted plaintiff had no right to insist upon strict compliance with the "time is of essence" clause. It cannot be held to have waived a right that did not exist. If plaintiff desired to eventually forfeit for default, it was required to accept these payments and wait for a possible future time when the delay went beyond the 30 days and it could give legal notice of forfeiture. We conclude, therefore, that the trial court was correct in its ruling in this respect and plaintiff was not required to reinstate the "time is of the essence" clause of the contract before declaring a forfeiture.

The facts which present the second question are the same as above stated except that payments were accepted by the plaintiff after expiration of the statutory time for enforcing a forfeiture and, in these instances, it is conceded that the "time is of the essence" provision of the contracts was waived. Thereafter plaintiff gave notice to reinstate this provision giving a reasonable time to bring payments to date.

No further payments were made. Demand was made upon defendant to deliver to plaintiff the deeds from the purchaser which were held in escrow. At the time the notices of forfeiture were given, the time allowed by section 33–741, supra, was calculated in some instances from the dates the last payments were made and in other instances from the dates to which the payments were brought up to date. Defendant refused delivery of the deeds unless and until the time allowed by the statute be calculated from the expiration of a reasonable time after the service upon the buyers of the notice reinstating the "time is of essence" provision of the contract, and until a legal notice of forfeiture be given subsequent to expiration of such statutory time. Thus is presented the second question which is: The "time is of the essence" clause having been waived and notice of reinstatement thereof having been given, when is the purchaser in default so as to begin the running of the time which the buyer is allowed under section 33–741, supra, before a forfeiture may be enforced?

The foregoing statute as applied to the facts herein provides that forfeiture may not be enforced until the expiration of 30 days after default. It is the contention of defendant that the purchaser is not in default until after the expiration of a reasonable time subsequent to service of the notice reinstating the "time is of the essence" clause and no legal notice of forfeiture may be given until purchaser has failed to comply with the notice requiring strict compliance and the time allowed by the statute has expired. Plaintiff contends that the purchaser is in default from the latest date a payment was due.

When one has waived strict performance of the provisions of a contract as to when payments must be made, he thereby waives prior defaults and cannot forfeit for subsequent failure until the purchaser is notified of seller's intention to insist upon strict performance and given a reasonable opportunity to bring payments to date. Onekama Realty Co. v. Carothers, 59 Ariz. 416, 129 P.2d 918. We have also held that notice of election of forfeiture cannot be given until the right to enforce the forfeiture accrues. Phoenix Title & Trust Co. v. Horwath, 41 Ariz. 417, 19 P. 2d 82. If the prior defaults are waived, we are unable to understand how any thereof can be used as a starting point to measure the statutory time given the purchasers to avoid forfeiture. Our view is that the prior defaults having been waived, none thereof can be successfully used as a foundation for forfeiture. The "time is of the essence" clause would have to be reinstated by notice of intention to require strict performance and the purchaser is not in default until he fails to comply within a reasonable time (to be stated in the notice)

404

after receipt of such notice. Whiting v. Doughton, 31 Wash. 327, 71 P. 1026, 1028. Therein the court said:

> "It is assigned that the court further erred in its conclusion that respondents were not in default when this action was commenced. We think this point is settled by the conclusion above discussed, wherein the court concluded that there was a waiver of the time and forfeiture provision of the contract, and that by reason thereof respondents could not be placed in default until after demand for payment and the lapse of reasonable time."

We believe this to be a sound statement of law and the result is necessarily that the purchaser must be allowed the statutory time provided in section 33–741 supra, calculated from the expiration of a reasonable time subsequent to the notice that strict compliance will be required, and notice of forfeiture cannot be given until the expiration of such statutory time. Phoenix Title & Trust Co. v. Horwath, supra. The trial court erred in ruling otherwise and to this extent must be reversed.

Reversed in part and affirmed in part with instructions to amend the judgment in accordance with the views herein expressed.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.