506 P.2d 276

**Carrie HALE, a widow, Appellant,**

**v.**

**Conrad R. FLORES and Country Escrow Service, Trustee under Trust No. 9250–T, Appellees.**

**No. 2 CA–CIV 1241.**

Court of Appeals of Arizona, Division 2.

Feb. 23, 1973.

Rehearing Denied March 30, 1973.

Review Denied April 24, 1973.

Darrel G. Brown and Ronald W. Sommer, by Ronald W. Sommer, Tucson, for appellant.

Silver, Ettinger & Karp, by Jack A. Ettinger and Gene Karp, Tucson, for appellees.

HATHAWAY, Chief Judge.

The appellant, Carrie Hale, entered into a contract for the sale of real estate and brought this action to forfeit the purchaser's interest alleging a delinquency in excess of three months on the monthly installment payments and that less than 30% of the purchase price had been paid.[1]

The trial court granted judgment in favor of the defendants, Conrad R. Flores and Country Escrow Service (successor assignee), and also awarded costs and attorneys' fees in the sum of $750 against the plaintiff. The plaintiff contends on appeal that since the statutory grace period had expired, the trial court erroneously deprived her of her forfeiture rights.

The contract of sale was entered into on December 6, 1968 and the total price of the property was $7,750. Mr. Flores paid the plaintiff $1,000 in cash, agreed to assume a mortgage of $4,224.98 with Tucson Federal Savings and Loan Association and agreed to pay plaintiff $2,425.02 at the rate of $20 per month until the Tucson Federal Savings mortgage was paid. Payments were then to be increased to $72.27 per month. The contract provided that upon the buyer's default the seller could terminate the contract and retain all sums received as liquidated damages.

It is well-settled that forfeitures of contracts are not favorites of the law. Glad Tidings Church v. Hinkley, 71 Ariz. 306, 226 P.2d 1016 (1951). Circumstances may arise which impel the court in the exercise of its discretion to provide relief against forfeiture. Hassenpflug v. Hart, 89 Ariz. 235, 360 P.2d 481 (1961). Defendants content that such was the situation before the trial court here. Their contention is premised upon the fact that although the payments to the plaintiff required in the contract fell in arrears, the monthly mortgage payments of $79 were never delinquent; and further, they argue that the "time is of the essence" clause, was waived and never reinstated. On this latter point the evidence reflects the following: The September and October, 1970 payments were not made. A payment bringing the real estate contract up to date was made on November 4, 1970, which was *within* the 60 day grace period of A.R.S. § 33–741. The December payment was made

---

1. "A.R.S. § 33–741:
   A. Forfeiture of the interest of a purchaser in default under a contract for conveyance of real property may be enforced only after expiration of the following periods after default:

\* \* \* \* \* \* \*
2. When the purchaser has paid twenty per cent, or more, but less than thirty per cent of the purchase price, sixty days."

on time and subsequently, although defendant continued to pay the mortgage to Tucson Federal, he only made one other payment on the contract of sale, namely, the February 9, 1971 payment.

On April 23, 1971, after arrearages in excess of 60 days, plaintiff filed her complaint to forfeit the vendee's interest in the property and to quiet the title in herself. Defendants contend that plaintiff, in accepting the late payments on November 4th, without having reinstated the "time is of the essence" clause, waived the right to a later forfeiture. The late payments were accepted *prior* to the time allowed for declaration of forfeiture by A.R.S. § 33–741, supra. The question then is whether acceptance of these payments amounted to a waiver. This question was resolved by the Supreme Court in the case of Arizona Title Guarantee & Trust Co. v. Modern Homes, Inc., 84 Ariz. 399, 330 P.2d 113 (1958), as follows:

> "One of the essential elements of waiver is intention to waive the right involved and where not expressed, one's conduct must be such as to warrant the inference of such intention. (Citations omitted) Likewise, before a waiver of a right may be inferred, such right must be in existence at the time the claimed waiver occurred. (Citations omitted) There also must be an opportunity of choice between the relinquishment and the enforcement of the right in question. (Citations omitted)" 84 Ariz. at 402, 330 P.2d at 114.

■ In every instance relevant hereto, between 20 and 30 percent of the purchase price had been paid, and under A.R.S. § 33–741, subsec. A, par. 2, a forfeiture could not be declared until the expiration of 60 days after default. Since forfeiture rights had not previously matured, the plaintiff cannot be held to have waived them and she retained her right to insist upon strict compliance. Arizona Title Guarantee & Trust Co. v. Modern Homes, Inc., supra.

■ Defendants further argue that the vendor-plaintiff should have notified the mortgage company not to accept the mortgage payments. This contention is without merit in that plaintiff had no way of knowing whether the mortgage payments were being made; further, she had no legal duty or right to insist that the mortgage company not accept the payment.

■ Defendants make much of the fact that they had improved the property in the sum of $4,000, and it would therefore be inequitable and harsh to allow this forfeiture. As authority for this they cite 27 Am.Jur.2d, Equity (1966), which sets forth the general rule that equity may intervene in situations involving forfeitures. However, we also harken to the rule in equity that a valid contract must be given full force and effect even though the contract is unwise or improvident or its enforcement is harsh. Goodman v. Newzona Investment Co., Inc., 101 Ariz. 470, 421 P. 2d 318 (1966).

We agree with plaintiff that the trial court erred in refusing to declare a forfeiture and therefore reverse. The cause is remanded with directions to enter judgment for the plaintiff, including costs and attorneys' fees.

HOWARD, J., and RUSKIN LINES, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge RUSKIN LINES was called to sit in his stead and participate in the determination of this decision.