534 P.2d 1087

Dale E. EYMAN, Sr., and Helen E. Eyman, his wife, Appellants,

v.

Thomas A. SOWA and Gloria M. Sowa, his wife, Appellees.

No. 1 CA-CIV 2215.

Court of Appeals of Arizona,
Division 1,
Department B.

May 8, 1975.

Rehearing Denied June 13, 1975.
Review Denied July 10, 1975.

Berry & Herrick, P. A., by Richard S. Berry, Tempe, for appellants.

Machmer, Schlosser & Meitz, Ltd., by Gerald A. Machmer, Phoenix, for appellees.

## OPINION

HAIRE, Chief Judge, Division 1.

The issues raised on this appeal involve the alleged waiver by a seller of the right to forfeit the interests of the purchaser under a contract for the sale of real property.

The appellants are the successors in interest to the original sellers and the appellees are the successors in interest to the original purchasers. Inasmuch as their rights in this litigation are derived from the original contract of sale, the appellants (Eymans) will be referred to in this opinion as sellers, and the appellees (Sowas) will be referred to as the purchasers.

The facts pertinent to the issue we deem dispositive on this appeal are as follows. The contract of sale required that the purchasers make monthly installment payments to Stewart Title & Trust Company, the original escrow agent and a collection agent for the sellers. In addition, the purchasers were obligated to make monthly mortgage payments directly to a mortgagee, Security Mortgage Co., Inc. The payments on the Security mortgage were due on the 15th day of each month. The purchasers did not pay the mortgage installment due on October 15, 1971, until November 16, 1971. Thus, the payment was more than 30 days late, and would have constituted a default for which forfeiture might have been enforced under the terms of the contract,[1] and the provisions of A. R.S. § 33–741A(1).[2] However, as stated above, this late mortgage payment was made on November 16, 1971 and accepted by the mortgagee. Thereafter, on or about December 10, 1971 the mortgagee notified the sellers that the purchaers had not paid a subsequent mortgage payment which had become due on November 15, 1971. The sellers waited until the November 15th mortgage payment was delinquent more than 30 days, and then, on December 17, 1971, caused a Notice of Election and Declaration of Forfeiture to be sent to the

---

1. The contract of sale provides:
   "Should Buyer default in making any payment, or in fulfilling any obligation hereunder, Seller, may, at his election, enforce a forfeiture of the interest of Buyer, in the manner provided in the escrow instructions or supplemental escrow instructions given to the Stewart Title & Trust of Phoenix in connection with this transaction, in which event, upon the enforcement of such forfeiture, Buyer shall forfeit any and all rights and interests hereunder in and to the real property hereinbefore described and appurtenances, and Buyer shall surrender to Seller, forthwith, peaceable possession of said property, and shall forfeit to Seller as liquidated damages any and all payments made hereunder, together with any and all improvements placed on or in said property, but this provision shall not affect any other lawful right to remedy of Seller.
   "Time is of the essence of this agreement. This agreement shall be binding upon the heirs, administrators, successors, and assigns of the respective parties hereto."

2. A.R.S. § 33–741A(1) provides:
   "A. Forfeiture of the interest of a purchaser in default under a contract for conveyance of real property may be enforced only after expiration of the following periods after the default:
   "1. When the purchaser has paid less than twenty per cent of the purchase price, thirty days."
   The parties agree that less than 20% of the purchase price had been paid by the purchasers at all times pertinent to the issues raised on this appeal.

purchasers.[3] The only default in existence at that time for which a forfeiture could have been claimed, was the default in the payment of the November mortgage installment, the payments under the contract of sale being current. At the time of the sending of the Notice of Election and Declaration of Forfeiture, the sellers had no knowledge of the fact that the mortgagee had previously accepted late payment of the delinquent October mortgage payment. Thereafter, purportedly acting pursuant to the terms of the contract of sale, the Notice of Election and Declaration of Forfeiture, and at the request of the sellers, on December 31, 1971 the escrow agent, Stewart Title & Trust Company, recorded the quit-claim deed from the purchasers to the sellers which it had been holding pursuant to the terms of its escrow.

Subsequently the purchasers commenced this action seeking to have the alleged forfeiture and the quit-claim deed set aside, and restoration to their prior interests in the real property involved.[4] After a trial to the court, the trial judge entered judgment for the plaintiff-purchasers setting aside the forfeiture as requested. In findings of fact set forth in a minute entry order, the trial court found that the acceptance by Security Mortgage of the October 15th mortgage payment on November 16th was a waiver of the "time of the essence" clause of the contract of sale, and that therefore the sellers were required to give notice to the purchasers of the reinstatement of the "time of the essence" clause before forfeiture could be accomplished, and that they had failed to do so. *See* Arizona Title Guarantee & Trust Company v. Modern Homes, Inc., 84 Ariz. 399, 330 P. 2d 113 (1958).

The issue presented on this appeal is extremely limited. Sellers' counsel concedes that the action of the mortgagee in accepting the October mortgage payment on November 16th constitutes a waiver, if that action can be imputed to or considered binding on the sellers. Therefore, the only question which this Court must answer is as follows:

Where a seller is relying solely on a delinquent mortgage payment as constituting a cause for forfeiture, is the seller bound by prior conduct of the mortgagee which would constitute a waiver of the time of the essence clause of the contract of sale if such conduct had been performed by the seller?

We hold that under the circumstances of this case the seller was bound by that conduct.

In arriving at this conclusion we recognize that under the circumstances here involved, the sellers had no actual knowledge of the prior waiver and that the mortgagee had no duty to notify the sellers of the prior delinquency. We further recognize that if sellers had known of the prior delinquency, they would have had no right to insist that the mortgagee not accept the late payment. *See* Hale v. Flores, 19 Ariz.App. 236, 506 P.2d 276 (1973). However, these factors are immaterial. The conclusions we reach are not based upon any agency concept or other concept premised upon a finding that the seller has a right to control the actions of the mortgagee in accepting or refusing to accept late mortgage payments. Here, the sellers could have protected themselves from the problems engendered by the mortgagee's conduct by contractually requiring that the mortgage payments be made *through sellers or their collecting agent.* Having failed to do so, they allowed the creation of a situation where the mortgagee's conduct in accepting late payments could lull the purchasers into a false sense

---

3. The Notice of Election and Declaration of Forfeiture demanded additional sums then due, purportedly pursuant to the provisions of A.R.S. § 33–742A. We do not find it necessary to consider the propriety of these additional demands, and therefore will not set forth in detail the substance of the notice.

4. The matter is before this Court pursuant to an appeal from a Rule 54(b) judgment in favor of the purchasers on Counts II and V of their complaint. Apparently issues raised by other counts of the complaint, and by counterclaim and cross-claim remain to be considered in the trial court.

of security, thus constituting a waiver of the time of the essence clause of the contract of sale insofar as concerns any alleged default relating to the mortgage payments. By reaching this conclusion we do not hold that acts by a mortgagee in accepting late payments will in all circumstances constitute a waiver on the sellers' part. Fact situations where after the mortgage due date is past, and before expiration of the statutory default period, the seller has notified the purchaser of his insistence that the mortgage payments be timely made would be completely distinguishable from those presently before the Court.

The judgment is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.