607 P.2d 962

Gordon G. BOULDIN, Appellant,

v.

Charles B. TUREK and Gerry L. Jones, Appellees.

No. 1 CA–CIV 3790.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 15, 1978.

Review Denied Oct. 5, 1978.

Mariscal, Weeks, McIntyre & Friedlander, P. A., by Gerald Gaffaney, Phoenix, for appellant.

Daughton, Feinstein & Wilson by R. Stewart Halstead, Phoenix, for appellees.

OPINION

HAIRE, Presiding Judge.

The only issue raised in this appeal is whether the sellers' right to forfeit the buyer's interest under an agreement for the sale of real property was waived by reason of a mortgagee's acceptance of mortgage payments.

The buyer (appellant) filed an action to set aside a completed forfeiture of his interest in the subject real property. After discovery, cross motions for summary judgment were filed, and the trial court granted judgment in favor of the sellers, in effect upholding the validity of the forfeiture proceedings. On appeal the buyer, admitting that there is no genuine issue of material fact involved, contends that the trial court erred in applying the law to the admitted facts.

The purchase agreement here involved provided that the purchase price was payable in part by the buyer's assumption of an existing first mortgage obligation payable in monthly installments directly to the

mortgagee, Western Savings and Loan Association, with the balance of the purchase price payable to the sellers in monthly installments through the parties' escrow collection agent. The purchase agreement further provided that if the buyer defaulted in making payments required by the contract, the sellers could enforce a forfeiture of the buyer's interest by means of a forfeiture notice. At the time of the forfeiture proceedings, the buyer had paid less than 20% of the purchase price, and therefore the applicable forfeiture period was 30 days. *See* A.R.S. § 33–741.

Without going into the specific details, suffice it to say that the sellers had been encountering some difficulties in obtaining timely payment by the buyer of both the contract payment and the mortgage payment. On October 28, 1975, the buyer was delinquent on three payments on the mortgage, totalling $1,456.40. In order to protect their interests, the *sellers* paid this amount to the mortgagee on that date. Under the terms of the purchase agreement, the sellers were entitled to reimbursement from the buyer for any delinquent mortgage payments which the sellers might make. At the time the sellers made the delinquent mortgage payments, the buyer was also in default under the provisions of the contract requiring payments to the sellers through the escrow collection agent for the payment due October 5th. After the buyer also defaulted on the escrow payment which was due on November 5th, the sellers caused a notice and declaration of forfeiture to be mailed by the escrow agent on November 18, 1975. This notice demanded reimbursement to the sellers for the amount of the three mortgage payments previously made by sellers, and that the buyer pay the past-due October 5th and November 5th contract payments. The notice further informed the buyer that unless these sums were paid by November 28, 1975, the sellers would enforce their right to a forfeiture of the buyer's interest. The buyer did not make these payments as required.

No claim is made on this appeal that these forfeiture proceedings were procedurally defective in any manner, or that from a time standpoint the sellers' right to enforce a forfeiture had not accrued. Although the buyer does allege that he did not actually receive the notice of forfeiture, he apparently concedes that the notice was appropriately mailed by the escrow agent and was in all respects sufficient to accomplish a forfeiture, absent the facts hereinafter set forth which the buyer contends constitute a waiver by sellers of their right to accomplish a forfeiture.

The claimed waiver is based upon the *mortgagee's* acceptance from the buyer of three mortgage payments. The pertinent facts are as follows. We have previously indicated that on October 28, 1975, the *sellers* paid three delinquent mortgage payments owed by the buyer. This payment to the mortgagee by the sellers brought the mortgage current through the October installment. On November 4, 1975, the buyer's mother-in-law paid to the mortgagee the payment which was due on November 5th. Thereafter, on November 15th, she made the December payment on the mortgage. These payments were accepted by the mortgagee. Similarly, a mortgage payment was made and accepted for the payment of the January 1976 mortgage installment. The sellers had no knowledge that these mortgage payments had been made by or on behalf of the buyer and accepted by the mortgagee until several months after the forfeiture had been accomplished, and this litigation initiated.

The buyer now contends that the acceptance by the mortgagee of these mortgage payments during and after the forfeiture period constituted a waiver by sellers of their right to forfeiture. We disagree, and therefore affirm the trial court's judgment.

Here, the sellers' right to forfeiture was based upon defaults by the buyer separate and independent of the buyer's ongoing obligation under his assumption of the first mortgage. The sellers had no right to instruct or cause the mortgagee, Western Savings and Loan Association, to refuse to

accept then current payments, and more importantly, the forfeiture was not based upon a default on the obligation owed to Western Savings, but rather, was based upon a default on obligations owed directly to the sellers.

*Hale v. Flores*, 19 Ariz.App. 236, 506 P.2d 276 (1973) has ruled upon the precise issue presented in this case and is dispositive of this appeal. In *Hale*, as in this case, the buyer was to assume an existing mortgage and pay the seller an additional monthly sum. There the buyer, again as in this case, continued to make the monthly mortgage payments, but did not make the required payments to the seller. The seller brought proceedings to forfeit the buyer's interest in the property. The buyer claimed that the seller had waived his right to forfeiture because the *mortgagee* had accepted the mortgage payments during the forfeiture period. The Court of Appeals upheld the forfeiture, stating:

"This contention is without merit in that plaintiff [seller] had no way of knowing whether the mortgage payments were being made; further, she had no legal duty or right to insist that the mortgage company not accept the payment."

19 Ariz.App. at 238, 506 P.2d at 278

We find the buyer's attempt to distinguish *Hale* unpersuasive. Nor can the buyer find any solace in this Court's opinion in *Eyman v. Sowa*, 23 Ariz.App. 588, 534 P.2d 1087 (1975). In that case, unlike the fact situation presented here,[1] the seller was relying solely on a delinquent mortgage payment as constituting the cause for forfeiture. Under those circumstances we held that the seller was bound by the prior conduct of the mortgagee which constituted a waiver of the time of the essence clause of the contract insofar as concerns the mortgage payments. The holding in *Eyman* is extremely limited. As we cautioned in that opinion:

"By reaching this conclusion we do not hold that acts by a mortgagee in accepting late payments will in all circumstances constitute a waiver on the sellers' part."

23 Ariz.App. at 591, 534 P.2d at 1090

Here, the mortgagee's acceptance of the mortgage payments tendered by buyer was completely unrelated to the circumstances upon which the forfeiture proceedings were based. As indicated by Justice Gordon in *Browne v. Nowlin*, 117 Ariz. 73, 570 P.2d 1246 (1977), there can be a waiver of the right to enforce one obligation under a contract without there necessarily being a waiver of forfeiture rights under other provisions of the contract. Here the defaults were unrelated, and accordingly the forfeiture rights were unrelated.

The buyer also asserts on this appeal that the retention by the sellers of the benefit of the January 1976 mortgage payment which was accepted by the mortgagee after the forfeiture proceedings were complete somehow constitutes a waiver by sellers of the completed forfeiture, and at the least constitutes unjust enrichment to the sellers. However, the facts (uncontroverted in this record) show that the sellers had no knowledge of the acceptance of this payment by the mortgagee from the buyer until well after the commencement of this litigation by the buyer. On the other hand, we note that at the time the buyer made the January payment to the mortgagee, the buyer was well aware that the forfeiture proceedings had been completed. Under such circumstances we are unable to find a waiver on the part of the sellers based upon this conduct. As to the buyer's claim of unjust enrichment by reason of the application of the January mortgage payment to the benefit of the sellers in reducing the mortgage indebtedness, we note that there

1. It is true that here a portion of the amount demanded in the sellers' notice of forfeiture represented an amount paid by sellers on buyer's behalf for past due mortgage payments. However, this amount no longer represented an obligation owed by the buyer to the mortgagee. Rather, under the parties' contract, after this amount had been paid by the sellers to the mortgagee, the buyer had a direct obligation to the sellers to reimburse them for that amount. It was the buyer's default on this direct obligation to the sellers which constituted a part of the delinquency upon which the forfeiture was based.

is no showing that the buyer has ever requested reimbursement from the sellers for the amount of that payment, nor was such a claim within the issues framed in the trial court litigation.

We hold that the trial judge correctly refused to grant the buyer the relief requested in his complaint. Accordingly, the judgment is affirmed.

FROEB, C. J., Division 1, and DONOFRIO, J., concur.