657 P.2d 893

Elisha A. PHILLIPS and Shirley Phillips, husband and wife, Plaintiffs/Appellants/Cross-Appellees,

v.

Michael ADLER and Robert Adler, Defendants/Appellees,

and

Dycon International, Inc., a Texas corporation, Defendant/Appellee/Cross-Appellant.

No. 2 CA–CIV 4226.

Court of Appeals of Arizona, Division 2.

Sept. 23, 1982.

Rehearing Denied Nov. 5, 1982.

Review Denied Dec. 21, 1982.

Scheff & Botwin, by S. Leonard Scheff, Tucson, for plaintiffs/appellants/cross-appellees.

Allen, Knuths & Cassell, by Tedford E. Kimbell, Dallas, Tex., Gregory D. Lantz, P.C., by David L. Curl and Gregory D. Lantz, Tucson, for defendants/appellees/cross-appellant.

OPINION

HOWARD, Chief Judge.

Appellants contend that the trial court erred in vacating a previous minute entry order granting appellants' motion for mistrial and that it also erred in directing a verdict on the issue of fraud. We shall set

forth only the essential facts and do so in the light most favorable to appellants.

Appellants were in the real estate business in Tucson. Dycon International, Inc. (Dycon) sold special telephone equipment used to solicit real estate listings. This equipment allowed a specially taped message to be played to the recipient of the telephone call. Appellees represented that tapes made by Arthur Godfrey, a television and radio personality well known to the "Geritol set" and middle-aged Americans, were available for use and that appellants would have the exclusive use of the machine and tapes which related to the real estate business, in the Tucson area. They also represented that the equipment disconnected in a few seconds, thus restoring the recipient's telephone line to its pre-call mode.

Appellants purchased the equipment and the right to use the tapes for $22,500. They also incurred other out-of-pocket expenses.

Appellants subsequently discovered that Dycon did not have the right to provide the Arthur Godfrey tapes and that their contract did not truly have the promised exclusivity. There was also some problem with the fast-disconnect but that was eventually solved.

Appellants eventually filed this lawsuit alleging breach of contract, common law fraud and consumer fraud. (Another claim was subsequently abandoned.)

The complaint sought rescission for the breach of contract claim against Dycon or damages, and compensatory and punitive for the fraud claim against Dycon and the individual defendants. The pretrial memorandum recited that "This is a claim for breach of contract, consumer fraud and fraud claiming regular and punitive damages." It also recited that the plaintiffs "... wish to amend their pleadings to seek rescission, plus damages ...."

The trial court directed verdicts on the claim for common law fraud and consumer

fraud and appellants elected to go forward against Dycon International, Inc. on the claim for rescission.[1] The jury granted the rescission and awarded appellants damages in the amount of $50,000 which included the $25,500 purchase price and out-of-pocket expenses.

Prior to the time that the jury had brought in its verdict, appellants moved for a mistrial on the basis that the trial court had, without prior warning, added words to its jury instructions which were prejudicial. The motion was denied. After the jury returned its verdict, appellants renewed their motion for mistrial, which the court granted. The trial court then ordered the court administrator to reset the matter for trial. Nothing was ever done to reduce the order granting a new trial to writing. In the meantime, a dispute arose between the parties as to which issues could be retried. The individual defendants, Robert Adler and Michael Adler, submitted a form of judgment which would have made the judgment final in their favor and against appellants. At the hearing on this motion, which was held approximately three and one-half months after the jury returned its verdict, the trial court, on its own motion, vacated its order granting a new trial and directed appellants to prepare a proper judgment for the court's signature in accordance with the verdict of the jury.

■ Appellants prepared the proper judgment which was signed and entered. They then appealed from the judgment. Appellees have also filed a notice of a cross-appeal, but they have not filed a cross-appellant's brief nor have they set forth any arguments in support of their cross-appeal. We therefore deem the cross-appeal to have been abandoned and it will be dismissed.

■ Appellants contend that the trial court did not have jurisdiction to vacate, sua sponte, the minute entry order which granted the new trial. We do not agree. A trial judge may, prior to the reduction of

---

1. The jury was instructed, inter alia, that the contract could be rescinded for misrepresenta- tion.

the order to writing and its filing with the clerk, sua sponte, vacate it. Cf. *Forquer v. Pinal County*, 22 Ariz.App. 266, 526 P.2d 1064 (1974). (Sua sponte vacation of a minute entry order denying a new trial.) If the ultimate judgment of the trial court is correct as a matter of law it will be sustained. *Minderman v. Perry*, 103 Ariz. 91, 437 P.2d 407 (1968).

Appellants made an election of remedies. The doctrine of election of remedies precludes pursuit of two inconsistent remedies based on the same claim. *Malisewski v. Singer*, 123 Ariz. 195, 598 P.2d 1014 (App.1979). The bar of an election will apply where the remedies pursued against different persons are inconsistent and repugnant. *International Shoe Co. v. Marcus, Inc.*, 410 S.W.2d 235 (Tex.Civ.App. 1966); 28 C.J.S. Election of Remedies § 8; compare, *Hennesy Equipment Sales Co. v. Valley National Bank*, 25 Ariz.App. 285, 543 P.2d 123 (1975) (no inconsistency in substantive rights enforced by bank depositor against forger and drawee-bank).

Appellants, who claimed to have been defrauded, had two remedies. They could either rescind the contract (disaffirmance) or sue for damages (affirmance). *Jennings v. Lee*, 105 Ariz. 167, 461 P.2d 161 (1969). When required to elect their theory on the contract claim, they selected rescission and thus manifested their intention to disaffirm the contract. *Edward Greenband Enterprises of Ariz. v. Pepper*, 112 Ariz. 115, 538 P.2d 389 (1975); *Sun Lodge, Inc. v. Ramada Development Co.*, 124 Ariz. 540, 606 P.2d 30 (App.1980). Appellants had a choice of one remedy for a single wrong. They suffered only one harm and although it was permissible to seek alternative remedies for the wrong, they are bound by their choice. They cannot have a judgment against Dycon based on disaffirmance of the contract for misrepresentation by its agents, the individual defendants, and then pursue an inconsistent remedy for damages against the agents.

The judgment is affirmed and the cross-appeal is dismissed.

HATHAWAY and BIRDSALL, JJ., concur.