706 P.2d 739

Clayton K. MILLER, III, an unmarried man for himself and as guardian for Michelle Katherine Miller, Plaintiff/Appellant/Cross-Appellee,

v.

Susan UHRICK, an unmarried woman and Title Insurance Company of Minnesota, doing business in Arizona as a corporation, Defendants/Appellees/Cross-Appellants.

No. 2 CA–CIV 5231.

Court of Appeals of Arizona, Division Two, Department B.

May 2, 1985.

Kathleen A. McCarthy, Tucson, for plaintiff/appellant/cross-appellee.

Waterfall, Economidis, Caldwell and Hanshaw, P.C. by Steven M. Cox, Tucson, for defendants/appellees/cross-appellants.

OPINION

LIVERMORE, Judge.

Plaintiff, Clayton Miller, purchased real property from defendant Susan Uhrick for $46,000. $33,500 was paid in cash; the remainder, secured by a deed of trust, to be paid in monthly installments on the first of each month beginning January 1, 1981. The deed of trust provided that time was of the essence, that acceptance of late payments was not a waiver of that provision, and that in the event of any default the beneficiary, by written notice, could "declare all sums secured ... immediately due and payable" and could elect to sell the property. Payments that were two weeks late were accepted in January and February 1981; a late payment in March was returned and a notice of sale was sent to Miller. Prior to this Miller had not been informed of Uhrick's dissatisfaction with his payments. He offered to pay a month in advance to avoid any further late payments. This was declined unless he paid the costs incurred ($121.00) in the notice of sale. He refused and this suit to enjoin the sale followed.

The trial judge initially ruled that by accepting late payments, Uhrick had waived her right to invoke the remedies contained in the deed of trust without notifying Miller of her insistence on timely payment. On reconsideration, after the supervening decision in *Sanson v. Gonzales*, 142 Ariz. 30, 688 P.2d 676 (App.1984), the court entered judgment for Uhrick. Miller appeals this judgment; Uhrick has cross-appealed from the denial of an award of attorney's fees. We have jurisdiction under A.R.S. § 12–2101.

Because *Sanson v. Gonzales*, supra, was *vacated* by the Supreme Court at 141 Ariz. 633, 688 P.2d 641 (1984), we could remand this matter to the trial court for reconsideration. We decline to do so. The trial court's judgment, in the absence of that case, is a matter of record. The expenditure of additional judicial time when the facts are clear is not warranted.

Miller points to authority that acceptance of late payments is a waiver and that forfeiture cannot occur without actual notice to him of an intention to insist on strict performance. See, e.g., *Arizona Title Guarantee and Trust Co. v. Modern Homes, Inc.*, 84 Ariz. 399, 330 P.2d 113 (1958). Uhrick contends that authority does not apply to remedies other than forfeiture and that in any event acceptance of two late payments is not a waiver. We believe these arguments to be too aridly formalistic on the facts of this case.

It is undisputed that Uhrick did not complain to Miller about the late payments though she easily could have done so. It is also clear, given Miller's behavior in paying two weeks in advance after notice of the proposed sale, that such a complaint would have been effective to achieve the desired result. The question then is whether the dramatic remedy of sale provided in the deed of trust can be invoked without any notice to the person allegedly in default. We hold in this instance that it cannot. We take notice that payments are often delayed by two to three weeks and that most creditors are not upset in such circumstances. See 3A A. Corbin, Contracts § 716 at 367 (2d ed. 1960) ("Delays are frequent in these transactions; and it is the custom of men to overlook them, even though they may have stated in advance they would not."). If a contract term is to be insisted upon, notwithstanding a commercial practice to the contrary, some notice more pointed than contract boilerplate must be given. See generally *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984). It was not in this case and, accordingly, Uhrick cannot prevail. We do not believe this result to be inconsistent with our holding in *First Federal Savings and Loan Association v. Ram*, 135 Ariz. 178, 659

P.2d 1323 (App.1982). There, we held that a formal notice of reinstatement of the time is of the essence clause was unnecessary where the remedy of acceleration was invoked after a history of late payment and nonpayment, despite letters of objection from the mortgagee. Those facts are not remotely similar to the facts in the present case.

The parties each request attorneys' fees. In an instance in which the trial court has discretion, as it did under A.R.S. § 12–341.01 in this case, a proper consideration is whether the invocation of the processes of the law was really necessary. See *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985). Miller could have avoided this suit by paying $121.00. Uhrick could have accomplished what she wanted simply by asking. The trial court's order denying attorneys' fees was proper.

The judgment is reversed and the matter is remanded for an entry of judgment in Miller's favor.

HATHAWAY, P.J., and LACAGNINA, J., concur.