729 P.2d 941

**Stuart YANK, Plaintiff/Appellant,**

v.

**Arthur JUHREND and Bernice Juhrend, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 5640.**

Court of Appeals of Arizona, Division 2, Department A.

June 12, 1986.

Reconsideration Denied July 28, 1986.

Review Denied Dec. 2, 1986.

Talmadge & Greenberg, P.C. by Jeffrey H. Greenberg, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild, P.C. by Patricia Wendel and Jonathan Rothschild, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

This case involves property that was subdivided and sold in violation of the Arizona subdivision laws. Appellant Stuart Yank contends that the trial court should have declared the promissory note and deed of trust he executed when he purchased the property to be unenforceable and that title to the property should vest in him without his making any further payment for it. We disagree and affirm.

Appellees Arthur and Bernice Juhrend purchased a parcel of real property in 1970. Beginning in 1980, through several strawmen, they divided the property into eight parcels for resale without filing a notice with the real estate commissioner as required by A.R.S. § 32–2181. In February 1980, Yank bought one of the parcels from appellees for $55,000. He paid $5,000 down and made monthly interest payments of $500 each for one year. The entire principal became due on March 15, 1981, but Yank failed to make the payment because he had discovered that only 3.21 acres had actually been conveyed to him although the agreement was for 3.32 acres. The parties agree that the shortage in acreage reduced the fair market value of the land at the time of transfer by $567 and that appellees tendered this amount to appellant prior to trial. Yank has apparently never cashed the check.

Because of Yank's failure to pay the balance due, the Juhrends scheduled a trustee's sale of the property pursuant to the provisions of the deed of trust. On the day before the sale, Yank obtained a temporary restraining order preventing the sale. After a hearing, however, the court refused to grant a permanent injunction. The property was then sold at the trustee's sale to the Juhrends, who bid the amount due. At the hearing Yank testified that the property was then worth $80,000.

Yank's amended complaint alleged breach of contract because of the shortage in the property conveyed and fraud in relation to the shortage. He also sought cancellation of the note and deed of trust because of the violations of the subdivision laws, as well as a declaration that the note was not yet due because the Juhrends had granted him an extension after the shortage dispute arose.

After a trial, the court held that the claim for breach of contract was barred by accord and satisfaction because of the tender of $567 for the land shortage. The court found for appellees on the fraud count as well. It also found that appellees had violated A.R.S. § 32–2181 in subdividing and selling the property. Since Yank had elected not to seek rescission under

A.R.S. § 32–2183(D) and since he sustained no damage under A.R.S. § 32–2183.03(D) because of the increase in value of the property, the court held that he had no right to keep the property while at the same time avoiding the terms of the purchase agreement. The trial court also held that, because Yank did not seek rescission of the purchase agreement, his claim for damages was controlled by A.R.S. § 32–2183.03(I) and thus barred by that statute of limitations.

Yank contends that, because appellees' conduct in subdividing and selling the land was unlawful and felonious under A.R.S. §§ 32–2181(D) and 32–2183(D), 1) this court should prevent the Juhrends from profiting from their felonious subdivision scheme, 2) the Juhrends should not have been able to escape the law's sanctions by proceeding extra-judicially to foreclose the deed of trust, 3) the note and deed of trust should be cancelled and deemed unenforceable, 4) Yank should be declared the owner of the property free and clear from all claims of the Juhrends, and 5) the trial court erred in holding that the statute of limitations barred his claim. We address the first four contentions jointly.

## DOES APPELLEES' CONDUCT ENTITLE YANK TO THE PROPERTY?

■ Yank has neither sought to avoid the contract by asking for rescission nor has he sought damages because of the subdivision illegalities. Instead, he seeks a forfeiture against appellees. The trial court held that the purchase agreement and sale violated the subdivision laws of the State of Arizona. A.R.S. § 32–2181. The relevant portion of A.R.S. § 32–2183(D) (§ 32–2183(C) at the time of Yank's purchase) provided as follows:

"No person shall sell or lease or offer for sale or lease in this state any lots or parcels in a subdivision without first obtaining a public report from the commissioner except as provided in § 32–2181.-01. Any sale or lease of subdivided lands prior to issuance of the public re-

port *shall be voidable by the purchaser.* An action by the purchaser to void such transaction shall be brought within three years of the date of execution of the purchase agreement by the purchaser." (Emphasis added.)

The other option provided by the subdivision laws is for the purchaser to sue for damages under A.R.S. § 32–2183.03. That section provides that the purchaser of an illegally-subdivided lot may receive the difference between "the amount paid for the lot or parcel together with the reasonable cost of improvements" and the smallest of:

"1. [t]he value of the lot or parcel and improvements as of the time such suit was brought.

"2. [t]he price at which such lot or parcel was disposed of in a bona fide market transaction prior to suit.

"3. [t]he price at which such lot or parcel was disposed of in a bona fide market transaction after suit was brought but prior to judgment."

Because Yank testified at the hearing on the preliminary injunction that the property was then worth $80,000, or $25,000 more than the purchase price, he was not entitled to any damages.

■ Under the statutory provision on rescission, however, the contract is voidable, not void. Yank fails to distinguish between void and voidable contracts in his insistence that he is entitled to have the contract declared unenforceable. According to the Restatement (Second) of Contracts § 7 (1979), "[a] voidable contract is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance." A party to a voidable contract must either seek avoidance of it through rescission or affirm the contract. Affirmance of the contract would require Yank to pay the balance due under it.

Yank contends that case law permits the result he desires. The cases he has cited, however, are inapposite. In *United Bank & Trust Co. v. Joyner,* 40 Ariz. 229, 11

P.2d 829 (1932), a subscription for securities was found to be void because the securities had been issued in violation of the securities laws. Because the contract was void, the defendant was released from his obligation to pay. He did not retain any benefit, however, because the stock was worthless.

■ Yank has also cited cases involving unlicensed contractors, e.g., *Northen v. Elledge*, 72 Ariz. 166, 232 P.2d 111 (1951); *Miller v. Superior Court*, 8 Ariz.App. 420, 446 P.2d 699 (1968); *Pace v. Hanson*, 6 Ariz.App. 88, 430 P.2d 434 (1967). The applicable statute in those cases, however, specifically states that an unlicensed contractor may not bring a cause of action to recover for work performed. Such contracts are thus clearly unenforceable by the unlicensed contractor. The legislature has expressed a different intent in the case of illegal subdivisions by providing that the contracts for purchase are merely voidable, not totally unenforceable.

■ Yank contends that the Juhrends should be punished for their felonious acts. A.R.S. § 32–2185.04 makes a violation of the subdivision laws a class 5 felony. Private persons, however, cannot enforce that provision. Under A.R.S. § 32–2183, the real estate commissioner may issue orders or bring an action to enjoin violations of the statutes. Again, that is not a remedy a private person may pursue.

■ Appellant also contends that he is entitled to keep the property and to have the note and deed of trust declared unenforceable because A.R.S. § 32–2183.03(H) provides that "[n]othing contained in this section shall be construed to preclude any other remedies that may exist at law or in equity." In the typical situation, when a contract is made in contravention of a statute, that contract is illegal and void. *Ruelas v. Ruelas*, 7 Ariz.App. 98, 436 P.2d 490 (1968). That rule, however, is not inflexible, and the presumption that a contract is illegal and void may be rebutted by a showing of legislative intent to the contrary. *Ruelas*, supra. In the instant situation, the

legislature has clearly stated that the contract is voidable rather than void. A.R.S. § 32–2183(D). If this contract were void, there is authority to suggest that, pursuant to the "other remedies" provision of A.R.S. § 32–2183.03(H), Yank would be entitled to a forfeiture. See *Graham v. Shooke*, 107 Ariz. 79, 482 P.2d 446 (1971); *Brown v. Peterson*, 27 Ariz. 418, 233 P. 895 (1925), and *Greene v. Reed*, 15 Ariz.App. 110, 486 P.2d 222 (1971). The legislative mandate, however, that this contract is voidable rather than void renders the above decisions inapposite. There is no other basis for his contention that he can require the Juhrends to forfeit the property to him. A forfeiture is generally abhorred by the law. *Freedman v. Continental Service Corp.*, 127 Ariz. 540, 622 P.2d 487 (App.1980); *Hale v. Flores*, 19 Ariz.App. 236, 506 P.2d 276 (1973). Every reasonable presumption is against a forfeiture. *De Almada v. Sovereign Camp W.O.W.*, 49 Ariz. 433, 67 P.2d 474 (1937). Generally, a party who has made an illegal contract is not entitled to restitution; however, when it would cause a disproportionate forfeiture, the guilty party is entitled to restitution. Restatement (Second) of Contracts § 197 comment b (1979).

We note that the evidence in this case is that Yank has paid the Juhrends a total of $11,000 since 1980 when he purchased the property. He has paid nothing since early 1981 but has continued to live on the property. We find nothing in the subdivision laws to indicate the legislature intended such a remedy, nor has appellant cited us any authority that such a remedy existed at common law. We find no error in the trial court's rulings.

## STATUTE OF LIMITATIONS

If the purchaser of an illegally-subdivided lot seeks damages, he must do so within one year of discovery of the subdivision violations. A.R.S. § 32–2183.03(I). The evidence showed that Yank knew of the violation on April 2, 1981, but did not file suit until August 26, 1982. Therefore, any

claim for damages that he might have is barred by the statute of limitations.

Yank has never sought rescission. A.R.S. § 32–2183(D) requires that an action for rescission must be brought within three years from the date of execution of the purchase agreement. Any action for rescission is also now barred.

The judgment is affirmed. Each party is to bear his own attorney's fees on appeal.

HATHAWAY, C.J., and HOWARD, P.J., concur.