974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WESTERN PACIFIC INVESTMENT CORPORATION, a Delaware
corporation, Plaintiff-Appellee,
v.
AMBANC, LTD., a Nevada corporation; Ambanc Management
Group, an Arizona general partnership; Ambanc Management
Co., Inc., an Arizona corporation; Mcdonnell Investments,
Inc., an Arizona corporation; John C. Mcdonnell; David M.
Matloff, Defendants-Appellants.
 No. 91-16117.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Sept. 9, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ambanc, Ltd., Ambanc Management Group, Ambanc Management Co., Inc., McDonnell Investments, Inc., John C. McDonnell, and David M. Matloff (collectively "Ambanc") appeal the district court's grant of partial summary judgment in favor of Western Pacific Investment Corporation ("Western"). Ambanc argues that Western, formerly its limited partner, should be held liable for the pre-existing debts of the dissolved limited partnership. Ambanc also argues that the transfer of the partnership's property to Western prevents Western from pursuing other remedies against it. We affirm.
 
 BACKGROUND
 
 3
 The Belleview Plaza Apartments Limited Partnership ("the partnership") was formed in 1989. Western contributed $975,000.00 and became the sole limited partner, while Ambanc Management Group became the sole general partner. The only property of the partnership was the Belleview Avenue Apartments. Under section 11.01 of the Partnership Agreement, Western retained the right to withdraw from the partnership and obtain the return of its capital contribution plus interest. If the general partner failed to return the capital contribution, the agreement stated that
 
 
 4
 the Partnership shall be dissolved and the General Partner shall forfeit to the Limited Partner all of its interest in the Partnership and Partnership Property and shall execute any and all documentation necessary to reflect the same. The Limited Partner shall in addition be entitled to any and all remedies it is entitled to at law or in equity.
 
 
 5
 Western became disillusioned with its investment and filed suit against Ambanc on April 11, 1990, alleging securities fraud and various other causes of action. Western subsequently exercised its contractual right to withdraw from the partnership. Neither the partnership nor Ambanc Management Group, the general partner, repaid Western's capital contribution. Western then amended its complaint, requested a declaratory judgment that Ambanc should immediately forfeit to Western all of its interest in the partnership's property, and asked that the partnership be dissolved.
 
 
 6
 The district court granted Western's motion for summary judgment on the declaratory relief claim. The court ordered the partnership dissolved and appointed a temporary receiver. Western also obtained a ruling that the forfeiture of Ambanc's interest in the partnership property would not render Western personally liable for the debts of the partnership. The court further ruled that the forfeiture would not bar, merge, or waive Western's right to pursue other remedies against Ambanc.
 
 DISCUSSION
 
 7
 A. Western's Liability for the Debts of the Partnership
 
 
 8
 Western concedes that the Belleview Plaza Apartments, which constituted the partnership property, remains subject to the claims of the partnership's creditors. Ambanc argues that the forfeiture of its interest in the partnership and the partnership's property to Western makes Western liable for the partnership's pre-existing debts.
 
 
 9
 Under Arizona law, "a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business." Ariz.Rev.Stat.Ann. § 29-319(a). Western did not participate in the control of the partnership's business. However, Ambanc argues that Western's continuation of what had been the partnership business, the management of the Belleview Plaza Apartments, necessarily makes Western liable for the debts of the dissolved partnership.
 
 
 10
 Ambanc relies upon Ariz.Rev.Stat.Ann. § 29-241B and § 29-241F, which state that if all but one partner retire and assign their interests to the remaining partner, or if a partner is expelled, the partner who carries on the business remains liable for the debts of the partnership. However, section 29-241 applies to this case only to the extent that it is consistent with statutes relating to limited partnerships. Ariz.Rev.Stat.Ann. § 29-206B. Ambanc claims that sections 29-241B and F make Western liable for the partnership's debts. That interpretation conflicts with section 29-319(a) for it would impose retroactive liability upon a limited partner who had no control over partnership business. Therefore, sections 29-241B and F apply to general partners where each partner was liable for the partnership's debts prior to dissolution. See Ariz.Rev.Stat.Ann. § 29-215 (partners are jointly and severally liable for debts and obligations of partnership). They do not apply to limited partners. That is underscored by section 29-241D, which indicates that non-partners to whom all rights in a dissolved partnership are assigned become liable for preexisting partnership debts only if they promise to pay them. Like a "third person," Western had no obligation for the debts of the partnership before it dissolved. Because Western did not promise to pay those debts, it is not liable for them. See Dodek v. CF 16 Corp., 537 A.2d 1086, 1099 (D.C.App.1988).
 
 B. Pursuit of Other Remedies
 
 11
 Ambanc claims that because Western demanded the forfeiture of Ambanc Management Group's partnership interest, Western is barred from pursuing other remedies against Ambanc. Under the doctrine of election of remedies, Western might possibly be barred from seeking damages from Ambanc had Western elected to rescind the contract. Yank v. Juhrend, 151 Ariz. 587, 729 P.2d 941, 943 (App.1986); Phillips v. Adler, 134 Ariz. 480, 657 P.2d 893, 895 (App.1982). However, Western's claim for declaratory relief sought enforcement of the contract's forfeiture provision, not rescission of the contract, and thus the doctrine of election of remedies does not apply.
 
 
 12
 The express terms of the contract clearly state that forfeiture was not Western's exclusive remedy. If the parties wished to limit Western to the remedy of forfeiture, they were obliged to manifest the clear intent to do so. Hadley v. Southwest Properties, Inc., 116 Ariz. 503, 570 P.2d 190, 193 (1977). In fact the parties unambiguously manifested the opposite intent. Their choice offends no principle of contract law. Cf. Tucson Elec. Power Co., Inc. v. Westinghouse Elec. Corp., 597 F.Supp. 1102, 1105 (D.Ariz.1984) (parties may contract to limit their remedies).
 
 C. Attorneys' Fees
 
 13
 As both parties recognize, the successful party is entitled to attorneys' fees pursuant to paragraph 16.10 of their agreement and Ariz.Rev.Stat. § 12-341.01. Therefore Western shall recover reasonable attorneys' fees for the cost of defending this appeal. We transfer determination of the amount of those fees to the district court.
 
 
 14
 AFFIRMED, AND DETERMINATION OF AMOUNT OF ATTORNEYS' FEES TRANSFERRED TO DISTRICT COURT.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3