NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALLEGRA G., KASONGO T., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.K., G.K., L.K., C.K., C.K., *Appellees*.

Nos. 1 CA-JV 22-0005, 1 CA-JV 22-0193
(Consolidated)
FILED 3-28-2023

Appeal from the Superior Court in Maricopa County
No. JD40644
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Allegra Green, Phoenix
*Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1        In this consolidated appeal, Allegra G. (Mother)[1] challenges December 2021 and July 2022 orders reaffirming that her five children are dependent and reaffirming a case plan of severance and adoption. Because Mother has shown no error, the orders are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2021, Mother's sixth child died from multiple untreated medical issues. The resulting investigation revealed concerns about the care of the five children in this dependency, including developmental delays, medical and dental care and an unsafe home. The Department of Child Safety (DCS) filed a dependency petition, alleging Mother was unwilling or unable to provide the children with proper and effective parental care and control and related mental health concerns.

¶3        At a hearing in June 2021, where Mother failed to appear, the court found the children dependent as to her. This court later affirmed that decision. *Allegra G. v. Dep't of Child Safety*, 1 CA-JV 21-0221, 2021 WL 5830199 (Ariz. App. Dec. 9, 2021) (mem. dec.). At a hearing in July 2021, Mother again failed to appear, and the court adopted a case plan of severance and adoption, also ordering DCS to expedite a home-study with the children's maternal aunt living in Oregon. The children were later placed with that aunt. This court later affirmed that disposition order. *Allegra G. v. Dep't of Child Safety*, 1 CA-JV 21-0260, 2022 WL 1043741 (Ariz. App. Apr. 7, 2022) (mem. dec.). Mother sought the appointment of a different aunt as a temporary guardian, a request the court denied. This court later affirmed that denial. *Allegra G. v. Dep't of Child Safety*, 1 CA-CV 21-0445, 2022 WL 714422 (Ariz. App. Mar. 10, 2022) (mem. dec.).

---

[1] Although Kasonga, T. (Father) joined in Mother's notice of appeal, he did not file an opening brief or join Mother's opening brief and has therefore abandoned his appeal. *See Phillips v. Adler*, 134 Ariz. 480, 481 (App. 1982).

¶4        In August 2021, DCS moved to terminate Mother's parental rights alleging neglect and failure to protect. The court set (1) a December 2021 pretrial conference and (2) a January 2022 permanency planning hearing.

¶5        At the December 2021 pretrial conference, one child asked for the return of her cell phone, stating the aunt had taken it at DCS' request. DCS and the children's guardian ad litem opposed the request, noting a prior order directing supervised contact between Mother and the children. The court reaffirmed the supervised contact order and did not require the return of the child's cell phone. At DCS' request, the court accelerated the January 2022 permanency planning hearing, noting the severance and adoption case plan and the August 2021 motion to terminate, and affirmed the severance and adoption case plan. The resulting minute entry affirmed that the children are dependent.

¶6        At a July 2022 hearing, where Mother was present, the court affirmed trial dates on the motion to terminate and affirmed that the children are dependent. When Father raised the children's access to cell phones, the court directed that such access was "in the discretion of the Department."

¶7        Mother timely appealed from the December 2021 and July 2022 orders. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A) (2023)[2] and Ariz. R.P. Juv. Ct. 601-03.

## DISCUSSION

¶8        Mother argues (1) the December 2021 pretrial conference violated her due process rights when the court issued rulings on visitation, dependency and permanency "without notice" and "ex parte;" (2) DCS' "confiscation of the children's personal cell phones violate[s] [their] human right and constitutional right to privacy, free speech, search and seizure;" and (3) the placement of the children in Oregon violates the Interstate Compact on the Placement of Children (ICPC). Mother also argues a change of placement for one child renders the entire case moot.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶9** Mother has shown no error in the December 2021 hearing. In June and July 2021, the court found the children dependent and adopted a severance and adoption case plan, rulings this court affirmed in Mother's prior appeals. Mother has shown no material change that would require the court to reconsider or undo those findings. Similarly, she has not shown how the court erred in the visitation orders, including those issued at the December 2021 hearing.

**¶10** Mother's argument about the acceleration of the permanency planning hearing at the December 2021 hearing also fails. Mother did not object to that action, meaning she waived any challenge. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452 ¶ 21 (App. 2007) (citing cases). And the superior court adopted a severance and adoption case plan long before the December 2021 hearing, obviating the need for a permanency hearing in January 2022. Nor has Mother shown any other reversible error at the December 2021 hearing.

**¶11** Mother argues DCS' confiscation of the children's cell phones violated the children's human and constitutional rights. Mother has offered no authority suggesting that such action is an unreasonable search and seizure. Nor has she shown how it would violate her rights under A.R.S. § 1-602(C), recognizing the children can have supervised contact with Mother. Mother also has not shown that DCS exceeded its broad authority under A.R.S. Title 8, given it has legal custody of these dependent children. Further she has not cited any legal authority to support her arguments about violations of her right of privacy and free speech and has therefore waived those arguments. *See* ARCAP 13(a)(7).

**¶12** Mother next argues the court was divested of jurisdiction because the children's placement was contrary to the ICPC. Mother cites a description of the ICPC providing that it will not apply in cases of "sending or bringing of a child into a receiving state" by specified family members. A.R.S. § 8-548, art. VIII(a). The placement here, however, was not by family members; placement was made by court order. *See Ariz. Dep't of Econ. Sec. v. Stanford*, 234 Ariz. 477, 480–81 ¶¶ 16–18 (App. 2014) (explaining a placement with a relative in another state is proper under the ICPC when done by court order). The ICPC provides that the sending court retains jurisdiction over the child "to determine all matters in relation to the custody, supervision, care, treatment and disposition of the child which it would have had if the child had remained." A.R.S. 8-548, art. V(a). Thus, Mother has not shown the court lacks jurisdiction.

**¶13** Mother finally argues that the case is moot because she alleges DCS removed one child from the court-ordered placement. But Mother has provided no legal authority supporting that novel argument, meaning it is waived. *See* ARCAP 13(a)(7).

## CONCLUSION

**¶14** The orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA