387 P.2d 801

**ARIZONA COFFEE SHOPS, INC., an Arizona corporation, John Doe I through X, Jane Doe I through X, Black and White Partnerships, A B & C corporations, Appellants,**

v.

**PHOENIX DOWNTOWN PARKING ASSOCIATION, Inc., an Arizona corporation, Appellee.**

No. 7574.

Supreme Court of Arizona,

In Division.

Dec. 18, 1963.

Ira S. Broadman, Phoenix, for appellants.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

This is an action to foreclose a mortgage in which plaintiff obtained summary judgment. Defendant corporation appeals.

■ This appeal presents the question of whether the trial court may enter summary judgment in a foreclosure action brought about by the failure of the defendant to make a timely interest payment. Our rules provide that a summary judgment can be granted only where no genuine issue as to any material fact exists. Ariz. Rules Civ.Proc. 56(c), 16 A.R.S., Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). Implicit in the trial court's granting of plaintiff's motion in this case is its view that defendant's affidavit in support of its allegation of unconscionable conduct on the part of the mortgagee was insufficient as a matter of law to create a triable issue of fact

■ In reviewing a motion for summary judgment this court will view the record in the light most favorable to the party opposing the motion. Sarti v. Udall, supra. Defendant, Arizona Coffee Shops, Inc., entered into a contract with plaintiff to purchase two downtown lots for a consideration of $350,000. The agreement, dated December 31, 1957, provided for a cash down payment of $125,000; the balance of $225,000 to be paid in annual installments of $11,250 commencing June 1, 1959, with interest at 5%, payable quarterly. Defendant's indebtedness was evidenced by a promissory note, payment of which was secured by a first mortgage on the two lots. The mortgage contained the usual acceleration provision for default in timely payment of interest or principal. Timely payments of principal and interest on the note were made until March 1, 1961, when due to the illness of its bookkeeper, defendant

failed to make its quarterly interest payment of $2,532.

At the time of its admitted default, defendant had paid $173,500 on principal and interest. On April 4, 1961, plaintiff commenced this foreclosure action which the terms of the mortgage authorized it to do. Defendant immediately tendered the overdue interest upon learning of the default and the commencement of proceedings. The tender was rejected.

■ Defendant contends that in its responsive pleading, and supporting affidavit, it alleged sufficient facts which, if proved, would show unconscionable conduct on the part of the mortgagee, justifying a court of equity to grant relief from the harsh consequences of foreclosure. It is universally held in equity that unconscionable conduct of the mortgagee constitutes a valid defense to a mortgage foreclosure. Bisno v. Sax, 175 Cal.App.2d 714, 346 P.2d 814; Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla.App.1960); Domus Realty Corp. v. 3440 Realty Co., 179 Misc. 749, 40 N.Y.S.2d 69 (aff'd 266 App.Div. 725, 41 N. Y.S.2d 940). And see Anno., 70 A.L.R. 993.

The facts set forth in the affidavit were, in addition to a recital of the substantial amount of defendant's investment, that after the March interest payment fell due, Irving Fogel, the president of defendant corporation, bought a gift for his wife, who was the corporation's bookkeeper, at a store owned and operated by Walter Switzer, president of the corporate mortgagee. At that time Mr. Fogel spoke with Mr. Switzer and advised him of the illness of Mrs. Fogel. Mr. Switzer made no mention of the fact that the interest payment was over due. Slightly three weeks later he filed suit to foreclose.

The defendant contends the default was inadvertent. The plaintiff had, during the course of the relatively brief duration of the contract, received $173,500 in cash. Nothing in the record indicates that it was in any way prejudiced by the slight delay in making this relatively small quarterly interest payment and the default is entirely out of proportion to the harshness of the plaintiff's action in declaring the entire debt due.

■■ A suit to foreclose a mortgage is an equitable action. Harbel Oil Co. v. Steele, 83 Ariz. 181, 318 P.2d 359. One who seeks equity must do equity. If the defendant can prove bad faith on the part of Mr. Switzer in that he realized that Mrs. Fogel was the bookkeeper, was the person upon whom defendant depended to make sure all payments were made on time, and nevertheless remained silent about the overdue interest payment so that he could pounce upon defendant and take advantage of defendant's situation, a jury might conclude that Mr. Switzer's conduct under the circumstances was so oppressive as to war-

rant a court of equity the right to deny the affirmative aid sought by the plaintiff.

■ The court in Domus Realty, supra, where the facts were similar to those of this case, stated:

"Throughout the history of our law it has always been the deep concern of equity to temper the wind to the shorn lamb. To that concern equity owes its origin; that same concern is manifest throughout the period of its growth and development. To equity a suitor came for relief against the merciless application of some of the rules of the common law. Early in the history of equity came the pronouncement from the Chancellor that he who seeks equity must do equity.

"The Graf case [Graf v. Hope Bldg. Corporation, 254 N.Y. 1, 171 N.E. 884, 70 A.L.R. 984] was cited by the Court of Appeals in a later decision, Ferlazzo v. Riley [278 N.Y. 289, 16 N.E.2d 286,] supra, as holding that a mortgagor cannot be relieved from his default 'in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part.' The court, in its very language, does not limit relief to fraud, waiver, estoppel, or bad faith; it spe-

cifically holds that relief may also be afforded for 'oppressive or unconscionable conduct' on the part of a mortgagee. 'Oppressive or unconscionable conduct' were not mere passing words. They were intended to have meaning and purpose. Those words are not so much words of art as they are of popular usage and significance.

"Tested by ordinary definition and by common understanding, 'oppressive' means conduct that is unjustly burdensome, harsh or merciless and 'unconscionable' means conduct that is monstrously harsh, that is shocking to the conscience. If the facts set forth in the opposing affidavit are established at a trial, they would certainly constitute 'oppressive or unconscionable conduct on the part of a mortgagee' within the rule laid down by the Court of Appeals." 40 N.Y.S.2d at 73–74.

The rule is stated as follows in Lieberbaum v. Surfcomber Hotel Corp., supra:

"There can be no doubt of the right of a chancellor to deny foreclosure based upon an acceleration where there are substantial equities in the case which render the acceleration unconscionable." [citing, inter alia, 2 Pomeroy's Equity Jurisprudence, § 439, (5th ed. 1941); 22 Col.L.Rev. 266 (1922)]. 122 So.2d at 28–29.

Circumstances may exist where the withholding of the right to accelerate by a court of equity is appropriate. Were this not true, there would be no occasion for the enforcement of equitable doctrines. We think that the defendant's allegation of unconscionable conduct and the affidavit in support thereof are sufficient to create an issue for the trier of fact. The jury while only advisory in an equity case, should be given an opportunity, if requested to do so, to determine whether there were substantial equities here in favor of the mortgagor, and whether, under the circumstances, the conduct of the mortgagee was so unreasonable as to be unscionable, rendering it inequitable to grant foreclosure. Stukey v. Stephens, 37 Ariz. 514, 295 P. 973; Donahue v. Babbitt, 26 Ariz. 542, 227 P. 995. "A motion for summary judgment should not be granted if upon an examination of the entire record it is determined that there is a disputed fact which, if true, could affect the final judgment." Sarti v. Udall, supra, 91 Ariz. at 25, 369 P.2d at 93.

Accordingly, the judgment must be reversed and the cause remanded for a new trial.

LOCKWOOD, J., concurring.

JENNINGS, J., concurs in the result.