593 P.2d 697

**Paul CIAVARELLI and Dolores Ciavarelli, husband and wife, Plaintiffs-Appellees,**

v.

**Wallace ZIMMERMAN and Jane Doe Zimmerman, his wife, John Doe and Jane Doe 1 through 5, husband and wife, and XYZ corporations 1 through 5, Defendants-Appellants.**

No. 2 CA–CIV 3101.

Court of Appeals of Arizona, Division 2.

March 29, 1979.

Robert Douglas Little, Tucson, for plaintiffs-appellees.

Donald Estes, Tucson, for defendants-appellants.

## OPINION

HOWARD, Judge.

This is an appeal from a summary judgment in a foreclosure action. Appellants contend there existed a factual issue which precluded summary judgment. We do not agree and affirm.

The facts and inferences therefrom considered in the light most favorable to appellants are as follows. On July 22, 1977 appellants executed a new promissory note and deed of trust in order to settle a pending trustee sale that was the result of appellants' failure to pay on a prior promissory note and deed of trust. The new note required monthly payments and both the note and deed of trust contained an acceleration clause. Furthermore, the deed of trust made time of the essence. It also provided that appellants were to pay the real estate taxes on the property.

On October 3, 1977, two days prior to the due date of the third monthly payment, Wallace Zimmerman asked appellees' attorney if he could pay only half of the payment that was due on October 5th. The next day the attorney informed Mr. Zimmerman that the full amount of the monthly payment would have to be made. On October 6, the attorney called the escrow agent and instructed it not to accept any late payments.

When Mr. Zimmerman found out that full payment was necessary he borrowed some money, and on October 4 mailed the check to the escrow. He made no attempt to contact the attorney or the escrow to tell them that he had the money and the check was in the mail. When the check was received by the escrow, it returned it pursuant to the instructions it had received on October 6.

Appellees exercised their right to accelerate and filed this suit. Appellants have opened a savings account for the benefit of the appellees and have deposited all the monthly payments required by the note and deed of trust in this account. However, they never paid the real estate taxes which became delinquent in March, 1978.

Appellees moved for summary judgment. Appellants opposed the motion contending that there was a factual issue as to whether appellees' conduct was unconscionable. On July 28, 1978, the trial court entered a written judgment in favor of appellees.

In *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Ass'n*, 95 Ariz. 98, 387 P.2d 801 (1963) the court held that the defendant's allegation of unconscionable conduct and the affidavit in support thereof were sufficient to create an issue for the trier of fact that precluded the entry of summary judgment. In that case, the mortgagee allegedly conducted itself in such a way as to lead the mortgagor to believe that a late payment was permissible. This is to be contrasted with the conduct of the appellees here who did nothing to lead appellants to such a conclusion but, instead, told appellants that the payment must be made on time. The alleged unconscionable conduct here is set forth in appellants' brief:

"In the instant action, Appellant was in contact with Appellees' attorney concerning the October 5, 1977 payment. Upon learning from the Appellees' attorney on October 4, 1977 that a half payment would not be acceptable, the Appellant, on the same day, mailed the full payment to Country Escrow. Thereafter, Appellees' attorney advised Country Escrow that no late payments were to be accepted. These facts are certainly sufficient to make out a prima facie case of unconscionable conduct on the part of the Appellees."

The general rule is that an acceleration clause works neither a forfeiture nor a penalty. It is simply a matter of contract determining when the debt is payable, and consequently it is enforced in both law and equity. A mortgagor will not be relieved when it is enforced because of a default caused by his negligence, mistake or by accident, in the absence of fraud, bad faith, or other conduct on the part of the

mortgagee which would make it unconscionable for him to avail himself of the clause. *Graf v. Hope Bldg. Corp.*, 254 N.Y. 1, 171 N.E. 884 (1930); *Jacobson v. McClanahan*, 43 Wash.2d 751, 264 P.2d 253 (1953); G. Osborne, Handbook on the Law of Mortgages Sec. 326, at 682 (2nd ed. 1970). In *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Ass'n*, supra, which follows the general rule, the court, quoting from *Domus Realty Corp. v. 3440 Realty Co., Inc.*, 179 Misc. 749, 40 N.Y.S.2d 69 (1943), aff'd, 266 App.Div. 725, 41 N.Y.S.2d 940 (1943), defined "oppressive or unconscionable conduct":

" 'Tested by ordinary definition and by common understanding, "oppressive" means conduct that is unjustly burdensome, harsh or merciless and "unconscionable" means conduct that is monstrously harsh, that is shocking to the conscience. . . .' " 95 Ariz. at 101, 387 P.2d at 803.

In *Bisno v. Sax*, 175 Cal.App.2d 714, 346 P.2d 814 (1959), cited with approval by the court in *Arizona Coffee Shops, Inc.* for the proposition that unconscionable conduct of the mortgagee constitutes a valid defense to a mortgage foreclosure, the court provided relief against an acceleration previously declared under a deed of trust in which time was made of the essence and where all interest and principal due before trial had been paid and *accepted*, so that the only basis for acceleration was the notice.

■ There is some authority that a mortgagor will be protected from a default that is the result of an accident, a good faith mistake or some unusual circumstance beyond his control. Thus, the mortgagee cannot base an acceleration on the mortgagor's failure to comply with the strict terms of the mortgage if the parties had orally agreed to different terms and the mortgagee fails to reasonably notify the mortgagor that he intends to insist on the written, rather than the oral, terms. *Lettieri v. Mistretta*, 102 N.J.Eq. 1, 139 A. 514 (1927). See also *Bisno v. Sax*, supra; *Rockaway Park Series Corp. v. Hollis Automotive Corp.*, 206 Misc. 955, 135 N.Y.S.2d 588 (1954), aff'd, 285 App.Div. 1140, 142 N.Y. S.2d 364 (1955).

■ We do not believe that appellees' insistence that they be paid according to the terms of the note and deed of trust constitutes harsh, oppressive, or inequitable conduct. This is especially true in light of the fact that appellees had given appellants a "second chance" by executing a new note and deed of trust; also, appellants knew that appellees insisted that they be paid on the date the monthly payment was due and knew that the payment would not arrive there in time.

Appellees are awarded their reasonable attorney's fees on appeal in the sum of $1,000.00.

Affirmed.

RICHMOND, C. J. and HATHAWAY, J., concurring.