659 P.2d 1323

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHOENIX, a corporation, Crossclaimant/Appellee,**

v.

**Walter F. RAM and Katherine G. Ram, husband and wife, Crossdefendants/Appellants.**

**CATALINA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Plaintiff/Appellee,**

v.

**Walter F. RAM and Katherine G. Ram, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 4335.

Court of Appeals of Arizona, Division 2.

Dec. 10, 1982.

Rehearing Denied Jan. 20, 1983.

Review Denied March 1, 1983.

Jennings, Strouss & Salmon by Diane K. Geimer, Phoenix, for crossclaimant/appellee.

Slutes, Browning, Sakrison & Grant, P.C. by Jane L. Eikleberry, Tucson, for plaintiff/appellee.

D'Antonio & D'Antonio, P.C. by Patricia A. Ihnat, Tucson, for crossdefendants/defendants/appellants.

## OPINION

BIRDSALL, Judge.

This is an appeal by the defendants/appellants Walter and Katherine Ram (the Rams) from a summary judgment in a mortgage foreclosure action in favor of the plaintiff/appellee Catalina Savings and Loan Association (Catalina) and the crossclaimant/appellee First Federal Savings and Loan Association of Phoenix (First Federal). We affirm.

The issues raised on appeal are as follows:

1. Does the acceptance by a mortgagee of late payments constitute a waiver of the right to timely performance and require notice reinstating time-is-of-the-essence prior to filing a foreclosure action?

2. Was foreclosure justified on the basis of an alleged default in the payment of property taxes?

3. Did the trial court abuse its discretion in awarding attorney's fees?

The pertinent facts are as follows. The Rams were the mortgagors and Catalina the mortgagee regarding certain real property. First Federal, as junior lienholder, held a note and deed of trust covering the same property. Both Catalina and First Federal accepted numerous late installment payments by the Rams. The prior late payments were usually tardy by only a few days whereas the late payments leading to acceleration were tardy by several months. In addition, Catalina mailed five letters of warning about the late payments to the appellants. The Rams admitted receiving one of those letters dated March 28, 1980.

That letter referred to the reinstatement of the time-is-of-the-essence provision in one of the prior letters. From that date until the filing of the mortgage foreclosure action on June 16, 1980, the appellants failed to pay the March, April, May and June payments.

### Waiver by Acceptance of Late Payments

The appellants cite *Onekama Realty Co. v. Carothers*, 59 Ariz. 416, 129 P.2d 918 (1942), for the proposition that "where the vendor in a contract of purchase and sale has permitted the time for payment to pass, and has accepted further payments thereafter, that it constitutes a waiver of default and no forfeiture may be had for a subsequent failure unless and until the vendee is notified of the intention of the vendor to insist on strict performance, and is given reasonable opportunity to bring the payments up to date." Id. at 423, 129 P.2d at 921. *See also Arizona Title Guarantee & Trust Co. v. Modern Homes*, 84 Ariz. 399, 330 P.2d 113 (1958); *Kammert Bros., Inc. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 428 P.2d 678 (1967); *Freedman v. Continental Serv. Corp.*, 127 Ariz. 540, 622 P.2d 487 (App.1980); *Eyman v. Sowa*, 23 Ariz.App. 588, 534 P.2d 1087 (1975); *Jahnke v. Palomar Financial Corporation*, 22 Ariz.App. 369, 527 P.2d 771 (1974); 11 A.R.S. §§ 33–741 et seq. (amended and renumbered 1981). The appellants argue that since the mortgagee, Catalina, accepted numerous late payments, it waived its right to strict performance under a time-is-of-the-essence provision. They assert that Catalina must issue notice of intent to reinstate that provision before foreclosure is appropriate.

The appellants' reliance on Arizona forfeiture law is inapposite. By forfeiture, a purchaser loses all interest in the subject property. Since equity abhors a forfeiture, *Freedman, supra,* the Arizona courts and legislature have deemed it only fair to require a vendor, after accepting late payments, to reassert a right to strict performance by notice. *See Onekama Realty Co., supra.*

On the other hand, an acceleration clause, as in the present case, results in neither a forfeiture nor a penalty. *Ciavarelli v. Zimmerman*, 122 Ariz. 143, 593 P.2d 697 (App.1979). Such a clause is merely a contract term determining when a debt is payable. *Ciavarelli, supra.* As this court stated in *Ciavarelli, supra:*

"A mortgagor will not be relieved when it [an acceleration clause] is enforced because of a default caused by his negligence, mistake or by accident, in the absence of fraud, bad faith, or other conduct on the part of the mortgagee which would make it unconscionable for him to avail himself of the clause."

In the present case the appellants were in default due to a failure to meet payment deadlines under a time-is-of-the-essence provision. The trial court had sufficient evidence from which to conclude that the default resulted from their neglect. We find no evidence of fraud, bad faith, or unconscionable conduct by Catalina.

In *Arizona Coffee Shops v. Phoenix Downtown Park. Ass'n*, 95 Ariz. 98, 387 P.2d 801 (1963), the Arizona Supreme Court refused to uphold a summary judgment in favor of a mortgagee whose conduct in bringing a foreclosure action may have been unconscionable. The parties were personally well acquainted. The mortgagee, knowing that the mortgagor's bookkeeper was ill and had failed to meet a payment deadline, said nothing to the mortgagor in a chance meeting and soon thereafter filed a foreclosure action based on that failure. *Arizona Coffee Shops* does not stand for the proposition that the prior acceptance of late payments followed by a foreclosure for a later default constitutes unconscionable conduct.

The appellants argue, citing *Arizona Coffee Shops, supra,* that the principles of waiver and estoppel preclude the appellees from foreclosing, where they "lulled" the appellants into a false sense of security by consistently accepting late payments. We disagree.

■ Regarding waiver in a mortgage foreclosure situation, the general rule is that the failure to foreclose on prior defaults in payment does not constitute a waiver of the right to foreclose due to subsequent defaults. G. Osborne, Handbook on the Law of Mortgages § 326, at 682 (2nd Ed.1970). This is also the law in Arizona. See e.g., Ciavarelli, supra; Evans v. Scottsdale Plumbing Company, 10 Ariz.App. 184, 457 P.2d 724 (1969); Owen v. Mecham, 9 Ariz.App. 529, 454 P.2d 577 (1969). The fact that earlier late payments are accepted does not waive a later right to foreclose, nor does it amount to fraud, bad faith or unconscionable behavior.

We note that some jurisdictions preclude acceleration due to a default in payments made late in justifiable reliance on a continued course of conduct of accepting late payments. See e.g., Ashback v. Wenzel, 141 Colo. 35, 346 P.2d 295 (1959); Edwards v. Smith, 322 S.W.2d 770 (Mo.1959); Musso v. Lodwick, 217 S.W.2d 165 (Tex.Civ.App. 1949). See also 97 A.L.R.2d 990, 1006. Even if we found this authority persuasive, we would not find the appellants' reliance to be justified on the facts in the present case.

The preceding analysis applies as well to the foreclosure action of the crossclaimant, First Federal. First Federal did not waive its right to accelerate under a time-is-of-the-essence provision due to the acceptance of prior late payments. Since First Federal filed a valid crossclaim for foreclosure based on the appellants' default in payment of the First Federal promissory note, we need not address the issue whether Catalina's foreclosure action afforded First Federal a separate and independent ground upon which to bring a foreclosure claim.

Since we find that summary judgment was justified in favor of both Catalina and First Federal on the basis of defaults in payment of the mortgage and note, we do not need to decide whether a foreclosure action was justified due to a possible default regarding payment of property taxes.

*Attorney's Fees*

■ The general rule is that attorney's fees are not allowed unless expressly provided for by statute or contract. *Sanders v. Boyer,* 126 Ariz. 235, 613 P.2d 1291 (App. 1980). In the present case both the mortgage note with Catalina and the installment contract and deed of trust with First Federal contained contract clauses providing for an award of attorney's fees. Contracts for the payment of attorney's fees will be enforced in accordance with the terms of the contract. *See Dalton v. McLaughlin,* 130 Ariz. 270, 635 P.2d 863 (App.1981); *Heritage Heights Home Owners Ass'n v. Esser,* 115 Ariz. 330, 565 P.2d 207 (App.1977). *See also* 25 C.J.S. Damages § 50c. We find the award of attorney's fees to be justified and reasonable under the circumstances. The trial court had before it itemized bills and affidavits fully documenting the request for attorney's fees.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.